FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 7 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                  )
            Plaintiff, )      CIVIL ACTION NO.
                                    )      4:10-cv-02070-SWW
ROSALIND BROWN, LISA MARTIN, )
KENYA RANSOM, BRANDY )
ROBINSON, VICKI HOLCOMB and )
STEPHANIE HARVILL )
                                    )
          Plaintiff-Intervenors )
                                    )
v. )
                                    )
BANKERS ASSET MANAGEMENT, INC. )
                                    )
          Defendant. )
                                    )
                                    )

---

## CONSENT DECREE

---

### INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission (EEOC or Commission), Plaintiff-Intervenors and Defendant, Bankers Asset Management, Inc. (Defendant) hereby join in this Consent Decree.

The Commission filed a lawsuit on December 30, 2010, to remedy alleged unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., ("Title VII") and Title I of the Civil Rights Act of 1991. The Commission alleged that Defendant's predecessor discriminated against Rosalind Brown, Lisa Martin, Kenya Ransom, Brandy Robinson, and a class of Black

applicants because of their race by subjecting them to a pattern or practice of race discrimination in hiring. The Commission also alleged that Defendant's predecessor retaliated against Stephanie Harvill by demoting and constructively discharging her for opposing discrimination and for participating in a Black applicant's race discrimination lawsuit; and that Defendant's predecessor retaliated against Vicky Holcomb and Christy Lute for participating in a Black applicant's race discrimination lawsuit. Additionally, the Commission alleged that Defendant's predecessor destroyed Black applicants' applications and failed to maintain and preserve applications as required by 29 C.F.R. Section 1602.14.

Defendant and Defendant's predecessor deny the allegations contained in the Commission's Complaint. This Decree does not constitute a finding on the merits of the case and is not an admission of wrongdoing by Defendant or Defendant's predecessor. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing.   Intervening Plaintiffs and Defendant have entered into certain agreements which are not part of this Decree. The parties have made no representations or inducements to compromise this action, other than those recited or referenced in this Decree. In the event the Court does not approve this Decree, the parties agree not to admit it in evidence in any subsequent proceeding in this lawsuit or

2

other legal, quasi legal or administrative matters.

## I. JURISDICTION

1.     The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement.

2.     No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3.     This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 4:10-cv-02070-SWW, alleging unlawful employment practices by Defendant's predecessor based on Charge No. 493-2009-00311 filed by Brandy Robinson; Charge Nos. 493-2009-00312 and 493-2010-00231 filed by Stephanie Harvill; Charge No. 493-2009-00313 filed by Kenya Ransom; Charge No. 493-2009-00314 filed by Rosalind Brown; Charge No. 493-2009-00445 filed by Lisa Martin; Charge No. 493-2010-00228 filed by Christy Lute; and Charge No. 493-2010-00239 filed by Vicki Holcomb. Plaintiff Intervenors and Defendant have resolved any and all claims or causes of action related, directly or indirectly, to such Charges and Civil Action No. 4:10-cv-02070-SWW, or which could have arisen out of, directly or indirectly, such Charges and Civil Action No. 4:10-cv-02070-SWW.

4.     Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and shall bind the Commission and Defendant for three (3) years after the effective date of this Decree.

3

## III. INJUNCTIVE RELIEF

5.     Defendant, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert are enjoined from discriminating against Blacks based on their race in hiring.

6.     Defendant, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it are enjoined from retaliating against any applicant or employee because the individual opposed a practice made unlawful under Title VII, participated in the filing of a charge of discrimination, or participated in any investigation under Title VII.

## IV. TRAINING

7.     Defendant will provide an annual training program on race discrimination and retaliation under Title VII to all employees working for Defendant.

a.     Defendant will schedule the initial annual training and conduct it within 60 days after the date of the entry of this Decree.

b.     Defendant agrees to conduct training each year for the duration of this Consent Decree.

8.     Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirement in the above Paragraph 7.

a.     Defendant shall submit the trainer's *curriculum vitae* or other evidence of qualification to the Commission at the address below at least two weeks before the training.

4

b.      At least two weeks before the training session(s), Defendant shall notify the Commission of the date(s) and location(s) of the training and provide a description of the training materials that Defendant intends to use.

9.      Defendant will conduct the training in-person.

10.     Defendant will inform staff in writing that the training is mandatory for all employees, including individuals employed through staffing agencies.

11.     Prior to the training, Defendant's President or another officer of Defendant will appear in-person at this training to inform participants of Defendants' non-discrimination policy regarding race and retaliation; that Defendant will not tolerate any discrimination in the workplace; and the consequences for discriminating in the workplace.

12.     The training will last at least three (3) hours and will include, but not necessarily be limited to, the following:

a.      The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

b.      An in-depth discussion of race discrimination, including what conduct constitutes race discrimination;

c.      A detailed discussion of Defendant's policy against race discrimination and retaliation, including procedures and responsibilities for reporting, investigating and remedying race discrimination and retaliation; and

d.      A discussion of what constitutes retaliation under Title VII.

13.     Ann Ball and Richard Johnston will attend the next EEOC Technical Assistance Training Seminar for Fiscal Year 2012 conducted by the Memphis District

Office or another similar EEOC seminar based upon availability.

14.     The Company will issue a memorandum to Ann Ball explaining that Defendant does not discriminate on the basis of race or retaliation and will not tolerate race discrimination and retaliation in the workplace by any employee, including members of management.  Defendant will place a copy of the memorandum in Ann Ball's personnel file.

## V. INDIVIDUAL AND CLASS RELIEF

15.     Defendant will pay a total of Six Hundred Thousand and No/100 Dollars ($600,000) in full and final settlement of the individual and class claims brought under the Commission's Complaint.  The Commission has provided a Schedule of Payments to Defendant to which Defendant is agreeable.  The Settlement Agreements between Defendant and Intervening Plaintiffs will conform to the EEOC's Schedule of Payment. For payment purposes only, the Court shall retain jurisdiction to enforce the Schedule of the Payments.

16.     Defendant will issue 1099 forms for the payments dispersed.

17.     Defendant will mail certified checks to Intervening Plaintiffs care of counsel for Intervening Plaintiffs, and individual Class Members at the address to be provided by the Commission.  Defendant will first make all payments to Plaintiff-Intervenors through September 30, 2014, with the class receiving funds thereafter per the Schedule of Payments. Defendant will mail, concurrently, copies of the checks and related correspondence to the Commission at its address in Memphis, Tennessee.

18.     All late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961, unless the delay is caused by problems not created by

Defendant.

19.    Defendant shall supply neutral references in response to any inquiries or reference checks regarding Stephanie Harvill, Vicki Holcomb, or Christy Lute's employment.  Such references shall be substantially similar to the Sample Reference attached hereto as Exhibit A.  This provision shall remain in force for five (5) years from the date of this Decree.  Defendant shall not mention Stephanie Harvill, Vicki Holcomb, or Christy Lute's charges of discrimination or disclose this lawsuit and the Decree when a prospective employer makes an inquiry regarding their employment.

20.    If during the term of this Decree, Defendant fills any vacancies, Defendant shall use all best efforts to try to hire qualified Black employees and reach a twenty-five percent (25%) hiring rate of qualified Blacks, which reflects the external availability of the workforce in the area.

## VI. RECORDKEEPING AND REPORTING PROVISIONS

21.    Defendant will maintain records of any complaints of race discrimination or retaliation involving any of its applicants and employees.  These records must include:

a.    the names, addresses, social security numbers, if supplied, and telephone numbers of the applicant or employee making the complaint;

b.    the date of the report or complaint;

c.    a detailed description of the allegations made;

d.    the names of any witnesses;

e.    the name and position of the alleged discriminating individual; and

f.    what actions, if any, Defendant took to resolve the complaint.

22.    Defendant will provide three (3) annual reports to the Commission.  Each

annual report must contain a summary of the information recorded by Defendant pursuant to Paragraph 21 above; a record of attendance at the training program required by Paragraphs 7-14 above; and a certification by Defendant that the Notice required to be posted by Paragraph 25 below remain posted during the time period preceding the report.

23.    Defendant will submit the first annual report within twelve (12) months of the entry of this Decree; the second annual report within twenty-four (24) months of the entry of this Decree; the third annual report within thirty-four (34) months of the entry of this Decree.  Defendant must mail these annual reports to the Commission at the below-provided address.

## VII. MONITORING

24.    The Commission shall have the right to monitor and review compliance with this Decree.  Defendant will cooperate with the Commission in any review function as it relates to this Decree.  Specifically, the Commission shall have the right to:

      a. attend training sessions required by this Decree;

      b. review any applications and all documents required by this Decree;

      c. interview employees related to the requirements of this Decree; and

      d. inspect Defendant's premises upon five business days prior notice to Defendant.

## VIII. NOTICE

25.    Defendant shall post an 11 x 14 copy of the Notice attached as Exhibit B within five (5) business days of entry of this Decree.  Defendant will post Exhibit B in a conspicuous place upon its premises where notices to applicants and employees are

8

customarily posted, and keep a copy of the Notice attached as Exhibit B posted for a period of three (3) years.

26.     Defendant must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

27.     Defendant shall distribute a copy of the Notice to Employees to all employees in management or supervisory positions at its offices, as well as review the training record keeping requirements of this Decree.

## IX. SALE OF BUSINESS

28.     In the event the Defendant sells significantly all its assets, the Defendant will set aside at closing the remaining funds to be paid pursuant to the Schedule of Payments referenced hereinabove to the respective class members, including Intervening Plaintiffs and distribute such funds within ten days of closing.

## X. ENFORCEMENT

29.     If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree.  The Commission will provide ten (10) days notice to Defendant of any deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## XI. VACANCY POSTINGS

30.     In addition to any other sources used by Defendant, Defendant will also submit all openings to be filled by a new employee to Career Builders to be posted on a job posting site or a comparable on line site.

## XII. MISCELLANEOUS PROVISIONS

31.    Each party to this Decree shall bear its own costs, attorney fees, and expenses in this lawsuit.

32.    When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

33.    When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be mailed to:  Title VII Settlement, Equal Employment Opportunity Commission, c/o Joseph Crout, 1407 Union Avenue, Suite 901, Memphis, TN 38104.

IT IS SO ORDERED THIS _17th_ DAY OF _April_____, 2012.

_Susan Webber Wright_

SUSAN WEBBER WRIGHT
U. S. DISTRICT JUDGE

Approved by the parties:

FOR THE COMMISSION:

**P. DAVID LOPEZ**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

**JOSEPH CROUT**
Trial Attorney
TN Bar No. 012957

**MARKEISHA SAVAGE**
Trial Attorney
TN Bar No. 024693

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone:  (901) 544-0137
Telephone:  (901) 544-0070

FOR DEFENDANT:

**RICHARD H. ALLEN, JR.**
TN Bar No. 021485
Allen, Summers, Simpson, Lillie
& Gresham, PLLC
80 Monroe Ave., Suite 650
Memphis, TN 38013
(901) 763-4200
Attorney for Defendant

FOR PLAINTIFF INTERVENORS:

**TED THOMAS**
AR Bar No. 89014
609 Locust Street
Conway, AR 72034
(501) 590-7573

**CHRIS CARNAHAN**
AR Bar No. 20006101
102 Kordsmeier
Morrilton, AR 72110
(501) 993-3887

**EXHIBIT A**

**SAMPLE LETTER OF REFERENCE**

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of [insert name] while employed at Bankers Asset Management.  Company policy provides that only dates of employment and the position held can be provided in response to any employment inquiry.

[Insert name] held the position of [insert position title] at Bankers Asset Management from [insert dates].  I am confident that [insert name] can provide you with additional details concerning his/her prior employment.  I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,


Bankers Asset Management, Inc.

12

**EXHIBIT B**

**NOTICE TO ALL EMPLOYEES**

1.  This Notice to all employees of Bankers Asset Management, Inc. is being posted as part of the remedy agreed to between Bankers Asset Management, Inc. and the Equal Employment Opportunity Commission in settlement of a complaint alleging employment discrimination.

2.  Discrimination based on race is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law, or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

3.  Bankers Asset Management, Inc. will not tolerate or condone race discrimination or retaliation against any employee or applicant for employment. Race and retaliation discrimination violate company policy as well as federal law. Violation of these company policies by anyone employed by Bankers Asset Management, Inc. will result in disciplinary action up to and including termination.

4.  The posting of this Notice by Bankers Asset Management, Inc. does not constitute an admission by Bankers Asset Management, Inc. of any liability under federal law.

    If you believe you have been discriminated against in violation of federal law, please contact the Affiliate Companies' Human Resources Director, at 901 756-8900 or EEOC at:

    Equal Employment Opportunity Commission
    820 Louisiana Street, Suite 200
    Little Rock, AR 72201
    Telephone: 1-800-669-4000
    Website: eeoc.gov

    This Notice shall remain posted by Bankers Asset Management, Inc. for three (3) years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

SIGNED this ____ day of _____, 2012

_____
Bankers Asset Management, Inc.

13